UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DUNN,

     Plaintiff,               CIVIL ACTION NO. 07-12748

vs.                      DISTRICT JUDGE PAUL V. GADOLA
                            MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and

that of Defendant GRANTED, as there was substantial  evidence on the record that

claimant retained the residual functional capacity for a limited range of sedentary work.

*   *   *

Plaintiff filed an application for Social Security Supplemental Security Income (SSI)

benefits on July 10, 1998, alleging that he had become disabled and unable to work since

January 28, 1998, at age 37, due to severe joint pain and emotional difficulties. Benefits

were denied by the Social Security Administration.  A requested de novo hearing was held

on March 2, 2005[1], before Administrative Law Judge (ALJ) Neil White. The ALJ found that

the claimant retained the residual functional capacity to perform a limited range of

sedentary work providing a sit-stand option. The ALJ restricted claimant from complex jobs

involving repetitive neck extension, constant reaching or working above chest level.  The

---

[1]The Appeals Council remanded the case twice for further administrative
proceedings to obtain additional medical evidence concerning claimant's orthopedic and
mental disorders (TR 446-449, 480-483).

Law Judge further limited Plaintiff to jobs that did not require any kneeling, squatting, climbing or crawling. The ALJ determined that Plaintiff was capable of simple job assignments. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 44 years old at the time of the most recent administrative hearing (TR 22, 73). He had been graduated from high school, and had been employed during the relevant past as a free lance photographer, artist and art supply seller (TR 85, 806). Claimant stopped working in January 1998, due to chronic joint pain, headaches, confusion, forgetfulness and vision problems (TR 81, 807). At the time of the most recent hearing, he had no income, except for state welfare benefits, and he lived with some friends[2] (TR 807, 814).

Claimant testified that he could not work because of constant pain and chronic fatigue (TR 807). He stated that the pain moves from his back to his ear to his right eye (TR 808). The claimant was unable to perform any yard or housework (TR 809). Pain medications proved ineffective, and he had to sit with his legs elevated above waist level to get any relief (TR 811).

A Vocational Expert, Mary Williams, classified Plaintiff's past photography work as light to medium, skilled activity (TR 815). The witness testified that, if claimant were capable of sedentary work, there were numerous unskilled inspection, surveillance monitor and

---

[2]Plaintiff settled a personal injury action for ninety thousand dollars following a January 1998, automobile accident (TR 815).

information clerk positions that he could perform with minimal vocational adjustment (TR 815). These jobs were not considered complex. They provided a sit-stand option, and did not involve any kneeling, squatting, crawling, repetitive reaching or climbing. They did not require working above chest level or prolonged neck extension (TR 816). Plaintiff would be permitted to take one day off a month and still remained employed (TR 817).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of joint pain, a blood ailment (polycythemia vera), chronic pain syndrome and somatoform and personality disorders, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ restricted claimant from complex jobs involving repetitive neck extension, constant reaching or working above chest level. The Law Judge further limited Plaintiff to jobs that did not require any kneeling, squatting, climbing or crawling. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

3

This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff contends that his mental difficulties were severe enough to preclude him from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

DISCUSSION AND ANALYSIS

The claimant does not challenge the ALJ's determination that he retained the physical capacity for sedentary work activity during the relevant period. His sole contention is that the ALJ's hypothetical question to the vocational expert failed to incorporate all possible emotional limitations, particularly the difficulties with cognition, interpersonal functioning and maintaining production quotas, that people who suffer from somatoform

and personality disorders usually experience. (See pp. 4-7 of Plaintiff's memorandum in support of Summary Judgment).

The ALJ was certainly aware of Plaintiff's mental impairments, and he therefore included in his residual functional capacity finding significant mental limitations. The Law Judge relied on the consultative evaluation provided by Dr. Margaret Cappone, Ph.D., a licensed psychologist. The doctor found, during her December 2004 examination, that Plaintiff had no memory deficits, and could understand, remember and carry out simple instructions (TR 426). Furthermore, the psychologist noted that the claimant still enjoyed restoring antique art work, which suggested to the doctor that he was able to maintain adequate concentration for prolonged periods when performing detailed work (TR 426).

The ALJ also based his findings as to Plaintiff's mental limitations upon the opinion of a State agency reviewing psychologist[3], Dr. Michael Fine, Ph.D., who completed documentation that addressed claimant's mental impairment (TR 149-161). Contrary to the claimant's assertion, the ALJ was not required to include in his hypothetical question to the vocational expert the fact that the claimant was found by this reviewing physician to be moderately impaired in eight of twenty listed mental activities. The Sixth Circuit has held that hypothetical questions to experts are not required to include lists of claimant's medical impairments. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004).

In the instant case, the state agency reviewer found that Plaintiff was moderately impaired in his ability to remember and carry out detailed instructions, maintain

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2008).

concentration for extended periods, keep to a schedule and work in coordination with others in a work like setting (TR 149-150). Despite these difficulties, the psychologist concluded that the claimant could still perform "tasks on a sustained basis", as long as he was restricted to simple, unskilled work (TR 151). Since the hypothetical question included Drs. Cappone and Fine's overall assessment that Plaintiff was restricted to simple, unskilled work, the vocational expert was aware of claimant's mental limitations before she identified the types of jobs that the claimant could still perform[4] (TR 815).

The law is clear that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous past work or any other substantial, gainful activity existing in the national economy considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008). Since no physician of record imposed the serious functional limitations suggested by the claimant, the Law Judge was not obligated to include them in his hypothetical question to the Vocational Expert. Contrary to Plaintiff's

---

[4]Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [his] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2008), The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2008). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what he "can and cannot do," there exist a significant number of employment opportunities for him in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

assertion, the Law Judge correctly performed the requisite assessment of the extent of possible functional limitations caused by his mental impairments, utilizing the special psychiatric technique outlined in the regulations.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                     s/Donald A. Scheer
                                     DONALD A. SCHEER
                                     UNITED STATES MAGISTRATE JUDGE

DATED: June 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify on June 10, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 10, 2008. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217